```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>and THE STATE OF NEBRASKA,<br><br>   Plaintiffs,<br><br>   v.<br><br>THE CITY OF WEST POINT,<br>NEBRASKA, PECKHAM, INC.<br>(f/k/a West Point Dairy<br>Products, Inc.), MARK<br>PECKHAM, WEST POINT DAIRY<br>PRODUCTS, LLC, and WIMMER'S<br>MEAT PRODUCTS, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:08CV293<br><br><br><br>MEMORANDUM AND ORDER |

A planning conference with counsel in this matter was held this date by telephone conference call, pursuant to Fed. R. Civ. P. 16. Appearing for the parties were: for plaintiff United States of America: Eric D. Albert, Frederick S. Phillips, Laurie A. Kelly and Howard Bunch; for plaintiff State of Nebraska: Steven J. Moeller and Kevin L. Griess; for defendant Peckham, Inc.: David A. Domina; for defendant City of West Point, Nebraska: Robert D. Moody and Tom Gillette, City Administrator; for defendant West Point Dairy Products, LLC.: Thomas Edward Jeffers; for defendant Wimmer's Meat Products, Inc.: Charles N. Nauen and William A. Gengler. Counsel discussed the status of the case, the fact that some parties had not yet appeared and/or answered, the likelihood of crossclaims being filed in the case, and their prior negotiations with respect to settlement. After some discussion it was agreed that the case should proceed to a point at which serious settlement discussions and/or mediation could take place, before embarking on discovery. In accordance with the discussion during the conference,

IT THEREFORE HEREBY IS ORDERED:

1. Counsel shall, by March 27, 2009:

    a. Complete the pleadings process in accordance with the Federal Rules of Civil Procedure;

    b. Serve on all parties the disclosures required by Fed. R. Civ. P. 26(a)(1), except as provided in the following subparagraph; and

    c. Conduct a "meet and confer" conference and file an Amended Report of Parties' Planning Meeting as required by Fed. R. Civ. P. 26(f), generally following the form provided by the court. In the event the Rule 26(a)(1) disclosures cannot reasonably be served by March 27, 2009, the report shall state an appropriate deadline for such disclosures to be completed.

2. Counsel shall confer regarding settlement of this case, and whether an early mediation or settlement conference with the court should be held. Counsel shall, by April 15, 2009, inform the undersigned by letter from a designee from among counsel, or if necessary, separate letters, on the parties' joint or separate views on the likelihood of settlement through counsel's negotiations alone and also whether employing special settlement techniques involving counsel and party representatives should be pursued. Counsel shall also address:

    a. The usefulness of convening of a mediation with an independent mediator prior to the commencement of discovery, and, if it is the parties' preference to do so, suggestions as to the timing of such a mediation, any special provisions that the court could or should order to accommodate its success, and if known, the identify of the mediator chosen; or alternatively

    b. The usefulness of convening a settlement conference with the court prior to the commencement of discovery, and, if it is the parties' preference to do so, suggestions as to any special provisions that the court could or should order to accommodate its success. In this respect, counsel and the parties shall reserve the days of April 30, 2009 and May 14, 2009 as tentative dates for the holding of such a settlement conference in Lincoln, Nebraska. As soon as practicable after conferring with respective clients and one another, a designee from among counsel shall inform the chambers

      of the undersigned of their joint preference as between these two tentative dates.

In the event counsel for any party are of the opinion that settlement is not reasonably likely or possible without first engaging in discovery, or is not a reasonable likelihood at all, the reasons for that position shall also be reported to the court.

     3.  Except as otherwise agreed among counsel affected, no discovery shall be taken or requested until so ordered by the court upon motion.

     4.  The clerk shall send to counsel named above copies of the form currently in use for the Report of Parties' Planning Meeting and that typically used by the court for the convening of a settlement conference.

     DATED this 4th day of February, 2009.

                        BY THE COURT:

                        s/ *David L. Piester*
                        David L. Piester
                        United States Magistrate Judge