FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2009 AUG 27 PM 2: 26

OFFICE OF THE CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

_____

**UNITED STATES OF AMERICA**

and

**STATE OF NEBRASKA**

**Civil Action No. 8:08-CV-00293**

     **Plaintiffs,**

v.

**CITY OF WEST POINT, NEBRASKA, et al.**

     **Defendants.**_____

## CONSENT DECREE

### Background

WHEREAS, Plaintiff, the United States of America ("United States"), by the authority of

the Attorney General of the United States and through its undersigned counsel, acting at the

request and on behalf of the Administrator of the United States Environmental Protection

Agency ("EPA"), and Plaintiff, the State of Nebraska ("State" or "Nebraska"), by the authority

of the Attorney General of Nebraska and through its undersigned counsel, acting at the request

and on behalf of the Nebraska Department of Environmental Quality ("NDEQ"), previously filed

a Complaint alleging that Defendant, West Point Dairy Products, LLC ("Dairy" or "Defendant"),

among others, has violated the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1251 et

seq.;

WHEREAS, the Defendant is a limited liability corporation organized and existing under the laws and constitution of the State of Wisconsin.

WHEREAS, the Defendant owns and operates a butter and buttermilk production facility in West Point, Nebraska;

WHEREAS, the Defendant's facility in West Point, Nebraska is "user" or "industrial user," as defined by 40 C.F.R. § 403.3(j) and 33 U.S.C. § 1362(18), of the City of West Point's ("City") Publicly Owned Treatment Works ("POTW"), and discharges non-domestic "pollutants" thereto, as defined at 33 U.S.C. § 1362(6);

WHEREAS, EPA inspected the Defendant's West Point, Nebraska facility on April 10-13, 2006;

WHEREAS, based on the results of that inspection, EPA determined that the Defendant violated the General Pretreatment Regulations found at 40 C.F.R. Part 403, and Sections 301(a) and 307(d) of the Act, by introducing pollutants into the City's POTW resulting in "pass-through" of pollutants or "interference" with the operations of the POTW.

WHEREAS, based on that determination, on December 19, 2006, EPA issued an Adminstrative Order for Compliance (the "AOC") requiring Defendant to, inter alia, develop and implement a Compliance Plan to ensure that Defendant will no longer cause pass-through and interference at the City's POTW.

WHEREAS, on February 2, 2007, Defendant submitted a proposed Compliance Plan to EPA for approval and EPA approved Defendant's proposed Compliance Plan;

WHEREAS, Defendant has implemented the Compliance Plan, including the submission of bimonthly reports of discharges;

2

WHEREAS, Defendant has applied for a National Pollutant Discharge Elimination System (NPDES) permit to allow the direct discharge of its wastewater;

WHEREAS, Defendant's NPDES permit has been published for public notice and comment;

WHEREAS, if the NPDES permit is approved following the public comment period, the Defendant expects to begin directly discharging all of its wastewater in September, 2009;

WHEREAS, the State of Nebraska ("State") has joined in this action, in satisfaction of the requirements of Section 309(e) of the Clean Water Act, 33 U.S.C. § 1319(e);

WHEREAS, the Plaintiffs allege that Defendant has violated Sections 301 and 317 of the Clean Water Act, 33 U.S.C. §§ 1311 and 1317, and regulations promulgated under the CWA at 40 C.F.R. Part 403, by introducing pollutants to the City's POTW that have caused "pass through or interference," as defined at 40 C.F.R. § 403...that have contributed to the discharge of pollutants from the POTW in excess of the numeric and narrative effluent limitations set forth in its NPDES permit;

WHEREAS, the Defendant filed an Answer to Amended Complaint and Cross Claim and Jury Demand ("Answer and Crossclaim"), in which it asserted cross-claims for indemnity and breach of contract against the City;

WHEREAS, the Parties agree, and the Court by entering this Consent Decree finds, that settlement of the claims alleged in the Complaint and of the claims alleged in the Answer and Crossclaim without further litigation or trial of any issues, is fair, reasonable, and in the public interest and the entry of the Consent Decree is the most appropriate way of resolving the claims alleged in the Complaint.

3

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action and over the

parties to this action pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b);

and 28 U.S.C. §§ 1331, 1345, 1355, and 1367. The Complaint states a claim upon which relief

may be granted against the Dairy under Section 309 of the Clean Water Act, 33 U.S.C. § 1319,

for injunctive relief and civil penalties. Defendant waives any and all objections that it may have

to the Court's jurisdiction to enter and enforce this Decree. Authority to bring this action is

vested in the United States Department of Justice ("DOJ") pursuant to Section 506 of the Clean

Water Act, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

## VENUE

2.     Venue is proper in this Court pursuant to Section 309(b) of the Clean Water Act,

33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because the violations alleged in the

Complaint are alleged to have occurred in this judicial district. For purposes of this Consent

Decree, the Defendant consents to venue in this judicial district.

## BINDING EFFECT

3.     The provisions of this Consent Decree shall apply to and be binding on the Dairy,

as defined below, and its officers, directors, employees, agents, servants, successors and assigns,

and upon the United States, on behalf of the Environmental Protection Agency, and the State of

Nebraska.

4.     Effective from the Date of Lodging of this Consent Decree until its termination,

the Dairy shall provide a copy of this Consent Decree to any person or entity to whom the Dairy

4

transfers ownership or operation of any portion of the facility that is subject to the requirements of this Consent Decree. The Dairy shall notify EPA and the United States Department of Justice, and the NDEQ and the Office of the Nebraska Attorney General, in writing of any successor in interest at least thirty (30) days prior to any such transfer. Any sale or transfer of the Dairy's interests in or operating role with respect to the POTW shall not in any manner relieve the Dairy of its responsibilities in meeting the terms and conditions of this Consent Decree.

## DEFINITIONS

5.     Unless otherwise expressly provided herein, terms used in this Decree which are defined in the Clean Water Act, shall have the meaning assigned to them in that Act. In addition:

"Act" means the Clean Water Act, 33 U.S.C. § 1251 *et seq*.

"Day" means a calendar day unless expressly stated to be a working day.

"Decree" means this Consent Decree.

"Defendant" means the West Point Dairy Products, LLC

"EPA" means the United States Environmental Protection Agency.

"Paragraph" shall mean a portion of this Decree identified by an Arabic numeral.

"Parties" means the Plaintiffs and the Defendant.

"Plaintiffs" means the United States and the State.

"Publicly Owned Treatment Works" or "POTW" shall mean a publicly owned treatment works or POTW as defined in 40 C.F.R. § 403.3(q), and includes the City's Wastewater Treatment Plant ("WWTP") and all aspects of the conveyance of wastewater from industrial dischargers to the City's WWTP.

5

"State" means the State of Nebraska, on behalf of the Nebraska Department of Environmental Quality.

"West Point" or "City" means the City of West Point, Nebraska.

"United States" means the United States of America, on behalf of the United States Environmental Protection Agency.

## CIVIL PENALTIES

6. No later than thirty (30) days after the Effective Date of this Consent Decree, the Dairy shall pay a civil penalty of $75,000, together with interest, accruing on the day the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging, to the United States.

7. The United States shall be deemed a judgment creditor for purposes of collection of this civil penalty.

8. The Dairy shall make the payment required by Paragraph 6 by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-5-1-1-09326. Payment shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Nebraska following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

9. At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in this case, and shall

6

reference the civil action number and DOJ Number 90-5-1-1-09326, by mail to the United States

Department of Justice and EPA in accordance with Paragraph 27, by email to

acctsreceivable.CINWD@epa.gov, and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

10.     If the Dairy fails to tender any portion of the payment as set forth in Paragraph 6,

interest shall accrue in accordance with the provisions of 31 U.S.C. § 3717.

11.     Settlement of State Civil Penalties Claim.  No later than thirty (30) days after the

Effective Date of this Consent Decree, the Dairy shall pay to the State $37,500 as a civil penalty

pursuant to Neb. Const. art. VII, sec. 5. Payment shall be made payable to the "Cuming County

District Court Clerk" and shall be mailed with notice referring to this action. to:

> Katherine J. Spohn
> Assistant Attorney General
> 2115 State Capitol
> Lincoln, NE 68508-8920

No later than 30 days after the Effective Date of this Consent Decree, the Dairy

shall also pay $37,500 to the Nebraska Attorney General's Environmental Protection Fund, to be

used for environmental safety, training, public awareness, or other related uses, as permitted by

state law, at the sole discretion of the Nebraska Attorney General. The Parties agree that this

payment is made in furtherance of the objective of securing significant environmental or public

health protection and improvement.

12.     Interest.  In addition to the stipulated penalties set forth below, in the event the

7

Dairy fails to make timely payments of any amounts required under this Decree, including
stipulated penalties, the Dairy shall pay interest on the unpaid balance. Interest for late payments
of the federal civil penalties, required under Paragraph 6, shall be at the rate specified in 28
U.S.C. § 1961. Interest for late payments of state civil penalties due to the State under Paragraph
11 shall accrue pursuant to Neb. Rev. Stat. §45-103. The interest shall be calculated from the
first day following the final due date for these payments, until the entire outstanding balance has
been received.

## STIPULATED PENALTIES

13.     Failure to Pay Civil Penalties. The Defendant shall pay a stipulated penalty to the
United States of one thousand dollars ($1,000) per day for each day that Defendant fails to make
the full payment required in Paragraph 6. Payment of a stipulated penalty for failure to make the
payment required under Paragraph 6 shall be in accordance with the payment procedures
outlined in Paragraph 8. The Defendant shall pay a stipulated penalty to the State of one
thousand dollars ($1,000) per day for each day that Defendant fails to make the full payment
required in Paragraph 11, in accordance with the payment procedures outlined in therein.

14.     Written Notice of Penalties. The United States or the State may give the Defendant
written notification that it has failed to make a payment as required by Paragraphs 6 or 11. Such
notice shall describe the noncompliance, and make a demand for the full payment due and
payment of the applicable penalties. However, the penalties provided for in Paragraph 13 shall
be owed and shall accrue regardless of whether or not the Defendant has been notified of any
non-compliance. The Defendant shall pay stipulated penalties within thirty (30) days from the
date a written demand for such penalties is mailed.

8

15.     Any stipulated penalty payments shall be accompanied by a reference to this
Decree, and be identified as "Stipulated Penalties." Notice of payment of a stipulated penalty
shall be provided to the United States and the State in the manner specified in Paragraphs 9 and
11. Stipulated penalties shall begin to accrue interest on the day after payment is due at the rate
specified under 28 U.S.C. § 1961 and Neb. Rev. Stat. §45-103 and shall continue to accrue
interest until full payment is made. Nothing herein shall prevent the simultaneous accrual of
separate penalties for separate violations of this Decree.

16.     Notwithstanding any other provision of this Section, the United States and/or the
State may, in their unreviewable discretion, waive any portion of stipulated penalties or interest
to which that party otherwise is entitled that have accrued pursuant to this Decree.

17.     Nothing in this Decree shall be construed as prohibiting, altering, or in any way
limiting the ability of the United States or the State to seek any other remedies or sanctions
available by virtue of Defendant's violation of this Decree or of the statutes and regulations upon
which it is based.

18.     The Dairy's duty to comply with the terms of this Consent Decree is not
contingent on the Dairy's financial capabilities. Failure to comply is not excused by the Dairy's
financial capabilities.

## EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

19.     This Consent Decree resolves the claims against the Dairy for civil penalties for
the violations alleged in the Complaint filed by the United States and the State of Nebraska in
this action and civil penalties for violations of the pre-treatment requirements of the Clean Water
Act, 40 C.F.R. Part 403 and 33 U.S.C. § 1317, at the Dairy's West Point, Nebraska facility

9

through the date of lodging of this Decree.

20.    This Consent Decree resolves the crossclaims alleged in the Answer and
Crossclaim filed by the Dairy in this action, and the same shall be dismissed with prejudice upon
and by approval of this Consent Decree.

21.    The United States and the State of Nebraska reserve all legal and equitable
remedies available to enforce the provisions of this Consent Decree, unless expressly stated in
the Consent Decree. This Consent Decree shall not be construed to limit the rights of the United
States or State of Nebraska to obtain penalties or injunctive relief under the Act or implementing
regulations, or under other federal or state laws, regulations, or permit conditions, except with
respect to claims that have been specifically resolved pursuant to Paragraph 19. The United
States and State of Nebraska reserve all rights against Defendant with respect to criminal
liability. The United States further reserves all legal and equitable remedies to address any
imminent and substantial endangerment to the public health or welfare or the environment
arising at, or posed by, the Dairy's facility, whether related to the violations addressed in this
Consent Decree or otherwise.

22.    In any subsequent administrative or judicial proceeding initiated by the United
States or the State for injunctive relief, civil penalties, other appropriate relief relating to the
Dairy's facility or violations, Defendant shall not assert, and may not maintain, any defense or
claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion,
claim preclusion, claim-splitting, or other defenses based upon any contention that the claims
raised by the United States or the State in the subsequent proceeding were or should have been
brought in the instant case, except with respect to claims that have been specifically resolved

10

pursuant to Paragraph 19.

23. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. The Dairy is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and the Dairy's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits. The United States and the State do not by their consent to the entry of this Consent Decree, warrant or aver in any manner that the Dairy's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 33 U.S.C. § 1251, et seq., or with any other provisions of federal, State, or local laws, regulations, or permits.

24. This Consent Decree does not limit or affect the rights of the Parties against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against the Dairy, except as otherwise provided by law or explicitly set forth herein.

25. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## MODIFICATION

26. Material Modifications. Material modifications to the Decree may be made only by written agreement of the Parties and the approval of the Court.

27. Non-Material Modifications. Non-material modifications of the Decree may be made only by written agreement of the Parties, and will become effective upon their filing with the Court.

11

## NOTICES

28.     Except as specified otherwise, when the parties transmit written notification

(including all reports) or communication required by or in conjunction with the terms of the

Consent Decree with the EPA, the United States Department of Justice, the State of Nebraska,

and the Dairy, the notification shall be addressed as follows:

As to the United States Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Reference Case No. 90-5-1-1-08702

Eric D. Albert
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
(202) 514-2800
Fax: (202) 514-4180

As to U.S. EPA :

Chief, Water Enforcement Branch
Water, Wetlands and Pesticides Division
U.S. Environmental Protection Agency, Region 7
901 N. 5th Street
Kansas City, Kansas 66101

As to the State:

Katherine J. Spohn
Assistant Attorney General
2115 State Capitol
Lincoln, NE 68509-8920

Steven Moeller, Esq.
Nebraska Department of Environmental Quality

12

1200 N Street, Suite 400
PO Box 98922
Lincoln, NE 68509-8922

As to West Point Dairy Products, LLC:

Trevor J. Wuethrich
N8790 Fairground Avenue
P.O. Box 160
Greenwood, WI 54437-0160

Thomas E. Jeffers
CROSBY GUENZEL LLP
134 South 13th St., Suite 400
Lincoln, NE 68508

29.     Any Party may, by written notice to the other Parties, change its designated notice

recipient or notice address provided above.

30.     Notices submitted pursuant to this Section shall be deemed submitted upon

mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties

in writing.

## RETENTION OF JURISDICTION

31.     This Court retains jurisdiction over both the subject matter of this Decree and the

Parties for the duration of the performance of the terms and provisions of this Decree for the

purpose of enabling any of the Parties to apply to the Court for such further order, direction, and

relief as may be necessary or appropriate to enforce compliance with its terms or to enable all of

the Parties to apply to the Court for the material modification of this Decree.

## LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32.     This proposed Decree shall be lodged with the Court for a period of thirty (30)

days from date of lodging for public notice and comment in accordance with 28 C.F.R. § 50.7.

13

33.     The United States reserves the right to withdraw its consent if the comments regarding the Decree disclose facts or considerations which indicate that the Decree is inappropriate, improper or inadequate. The Defendant and the State of Nebraska consent to the entry of this Decree without any reservation.

34.     If for any reason the United States withdraws its consent pursuant to Paragraph 33. or if the Court should decline to approve this Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties. In the event this agreement is voided by any party, no claims or defenses of any party hereto shall be construed as having been waived as a result of the execution of this agreement.

## FINAL JUDGMENT

35.     Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment as to the claims of the United States and the State against the Defendant and as to the Defendant's crossclaims against the City.

## EFFECTIVE DATE

36.     The effective date of this Decree shall be the date this Decree is entered by the Court.

## COSTS

37.     The parties shall bear their own costs of this action, including attorney fees, except if the Defendant fails to make any payment required under Paragraphs 6, 11, or 13 (Civil Penalties) or (Stipulated Penalties) of this Decree when due, and the United States and/or the State file(s) with the Court a motion to enforce this Decree or any other application for such

14

payment, and: (1) the United States and/or the State thereafter receives a payment; (2) an order is issued directing payment of any portion of the amount sought by the United States and/or the State; or (3) the action is settled in a manner in which the United States and/or the State receives any portion of the amount sought, then the Settling Defendant shall reimburse the United States and/or the State for all costs arising from such motion, complaint or application, including but not limited to costs of attorney time.

38.     The Defendant is entitled to assert any arguments or defenses, claims or counterclaims, available to it by law in an effort to mitigate such costs or fees.

## INTEGRATION

39.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersede all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## SIGNATORIES/SERVICE

40.     The undersigned representatives of the Parties certify that they are fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such parties to this document.

41.     The Defendant hereby agrees not to oppose entry of this Decree by this Court or to challenge any provision of this Decree.

15

42.     The Defendant hereby agrees to accept service by mail to the address listed in

Paragraph 28 and to waive the formal service requirements set forth in Rule 4 of the Federal

Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to,

service of a summons.

## **TERMINATION**

43.     Upon the Dairy's complete satisfaction of all requirements hereunder, the Parties

shall jointly move this Court to terminate this Consent Decree.

The Court finds that there is no just reason for delay and therefore enters this judgment as

a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS  $\underline{2\,7}^{th}$  DAY OF  $\underline{August}$  2009.   $RG/C$

Honorable Richard G. Kopf
UNITED STATES DISTRICT JUDGE

16

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR THE UNITED STATES:

Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

6/12/09
Date

ERIC D. ALBERT
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
202-514-2800
Eric.Albert@usdoj.gov

6/12/09
Date

17

JOE W. STECHER
United States Attorney
District of Nebraska

LAURIE A. KELLY

$\underline{6/12/09}$
Date

Assistant United States Attorney, Mass. Bar No. 557575
District of Nebraska
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700
laurie.kelley@usdoj.gov

Of Counsel:
Howard Bunch
Sr. Assistant Regional Counsel
U.S. EPA, Region 7

18

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR THE STATE OF NEBRASKA:

Katherine J. Spohn
Assistant Attorney General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
(402) 471-2680
Katie.spohn@nebraska.gov
Nebraska Bar Number 22979

June 11, 2009
Date

20

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR WEST POINT DAIRY PRODUCTS, LLC:

[Name]    Trevor J Wuethrich
[Title]    President
[Address]    N8790 Fairground Ave
        Greenwood WI 54437

20