Case: 8:08-cv-00293-RGK-RGK     Document #: 88-2     Date Filed: 08/13/2009     Page 1 of 22

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2009 OCT 15 PM 12: 14

### IN THE UNITED STATES DISTRICT COURT OF THE CLERK
### FOR THE DISTRICT OF NEBRASKA

---

**UNITED STATES OF AMERICA**

> **and**

**STATE OF NEBRASKA**

> **Plaintiffs,**

> v.

**CITY OF WEST POINT, NEBRASKA,**

> **Defendant.**

**Civil Action No. 8:08-CV-00293**

---

### CONSENT DECREE

### Background

WHEREAS, Plaintiff, the United States of America ("United States"), by the authority of the Attorney General of the United States and through its undersigned counsel, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and Plaintiff, the State of Nebraska ("State" or "Nebraska"), by the authority of the Attorney General of Nebraska and through its undersigned counsel, acting at the request and on behalf of the Nebraska Department of Environmental Quality ("NDEQ"), previously filed a Complaint alleging that Defendant, the City of West Point, Nebraska ("West Point," "City," or "Defendant"), among others, has violated the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1251 et seq., and the conditions and limitations of its National Pollutant Discharge Elimination System ("NPDES") Permit;

WHEREAS, the Defendant is a municipality organized and existing under the laws and constitution of the State of Nebraska.

WHEREAS, the Defendant owns and operates a Publicly Owned Treatment Works ("POTW") in West Point, Nebraska;

WHEREAS, the State of Nebraska ("State") has joined in this action, in satisfaction of the requirements of Section 309(e) of the Clean Water Act, 33 U.S.C. § 1319(e).

WHEREAS, the Plaintiffs allege that Defendant has violated Sections 301 and 402 of the Clean Water Act, 33 U.S.C. §§ 1311 and 1342, and regulations promulgated under the CWA at 40 C.F.R. § 403.5(c)(2), by discharging pollutants from its POTW in excess of the numeric effluent limitations set forth in its NPDES permit and by failing to develop and enforce specific local effluent limits for its industrial dischargers;

WHEREAS, the Defendant has provided financial information to the Plaintiffs demonstrating that it has a limited ability to pay civil penalties;

WHEREAS, the Parties agree, and the Court by entering this Consent Decree finds, that settlement of the claims alleged in the Complaint without further litigation or trial of any issues, is fair, reasonable, and in the public interest and the entry of the Consent Decree is the most appropriate way of resolving the claims alleged in the Complaint.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## JURISDICTION

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

2

1.     This Court has jurisdiction over the subject matter of this action and over

the parties to this action pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. §

1319(b); and 28 U.S.C. §§ 1331, 1345, and 1355. The Complaint states a claim upon

which relief may be granted against the City under Section 309 of the Clean Water Act,

33 U.S.C. § 1319, for injunctive relief and civil penalties. The City waives any and all

objections that it may have to the Court's jurisdiction to enter and enforce this Decree.

Authority to bring this action is vested in the United States Department of Justice

("DOJ") pursuant to Section 506 of the Clean Water Act, 33 U.S.C. § 1366, and 28

U.S.C. §§ 516 and 519.

## VENUE

2.     Venue is proper in this Court pursuant to Section 309(b) of the Clean

Water Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because the

violations alleged in the Complaint are alleged to have occurred in this judicial district.

For purposes of this Consent Decree, the City consents to venue in this judicial district.

## BINDING EFFECT

3.     The provisions of this Consent Decree shall apply to and be binding on the

City, as defined below, and its officers, directors, employees, agents, servants,

successors and assigns, and all persons, firms and corporations under contract with the

City to perform obligations of this Consent Decree and upon the United States and the

State of Nebraska and their agencies, departments, representatives, employees,

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

3

consultants, agents, successors, and assigns.

4.      Effective from the Date of Lodging of this Consent Decree until the earlier

of three years from the Date of Lodging or the date this Consent Decree is terminated,

the City shall provide a copy of this Consent Decree to any person or entity to whom the

City transfers ownership or operation of any portion of the POTW that is subject to the

requirements of this Consent Decree.  The City shall notify EPA and the United States

Department of Justice, and the NDEQ and the Office of the Nebraska Attorney General,

in writing of any successor in interest at least thirty (30) days prior to any such transfer.

Any sale or transfer of the City's interests in or operating role with respect to the POTW

shall not in any manner relieve the City of its responsibilities in meeting the terms and

conditions of this Consent Decree.

## DEFINITIONS

5.      Unless otherwise expressly provided herein, terms used in this Decree

which are defined in the Clean Water Act, shall have the meaning assigned to them in

that Act.  In addition:

"Act" means the Clean Water Act, 33 U.S.C. § 1251 *et seq.*

"Day" means a calendar day unless expressly stated to be a working day.

"Decree" means this Consent Decree.

"Defendant" means the City of West Point, Nebraska

"EPA" means the United States Environmental Protection Agency.

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

4

"Paragraph" shall mean a portion of this Decree identified by an Arabic numeral.

"Parties" means the Plaintiffs and the Defendant.

"Plaintiffs" means the United States and the State.

"Publicly Owned Treatment Works" or "POTW" shall mean a publicly owned treatment works or POTW as defined in 40 C.F.R. § 403.3(q), and includes the City's Wastewater Treatment Plant ("WWTP") and all aspects of the conveyance of wastewater from industrial dischargers to the City's WWTP.

"State" means the State of Nebraska, on behalf of the Nebraska Department of Environmental Quality.

"West Point" means the City of West Point, Nebraska.

"United States" means the United States of America, on behalf of the United States Environmental Protection Agency.

## CIVIL PENALTIES

6.     No later than thirty (30) days after the Effective Date of this Consent Decree, the City shall pay a civil penalty of $100,000, together with interest, accruing on the day the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging, to the United States.

7.     The United States shall be deemed a judgment creditor for purposes of collection of this civil penalty.

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

5

8.      The City shall make the payment required by Paragraph 6 by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-5-1-1-09326. Payment shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Nebraska following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

9.      At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in this case, and shall reference the civil action number and DOJ Number 90-5-1-1-09326, by mail to the United States Department of Justice and EPA in accordance with Paragraph 27, by email to acctsreceivable.CINWD@epa.gov, and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

10.     If the City fails to tender any portion of the payment as set forth in Paragraph 6, interest shall accrue in accordance with the provisions of 31 U.S.C. § 3717.

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

6

11.    Settlement of State Civil Penalties Claim. Within one (1) year following

entry of this Decree, West Point shall pay to the State $ 50,000 as a civil penalty

pursuant to Neb. Const. art. VII, sec. 5. Payment shall be made payable to the "Cuming

County District Court Clerk" and shall be mailed with notice referring to this action, to:

> Katherine J. Spohn
> Assistant Attorney General
> 2115 State Capitol
> Lincoln, NE 68508-8920

12.    Performance and Funding of State S.E.P. Also within one (1) year

following the Effective Date of this Decree, West Point shall pay to the Nebraska

Attorney General for deposit into his Environmental Protection Fund an additional

$50,000.00. The Nebraska Attorney General and the State of Nebraska hereby

promise and agree to pay from said account the sum of $50,000.00 to the County of

Cuming School District #1 d/b/a West Point Public School for purchase and installation

of a HelixWind Vertical Axis Wind Turbine and a Photovoltaic Solar Array or equivalent

equipment on such site and place as shall be designated by the West Point Public

School. Once payment is received from West Point, payment from the Environmental

Protection Fund shall be made upon presentation of a contract of the School District for

the purchase and installation of said equipment. The State and City agree that this

payment is made in furtherance of the objective of securing significant environmental or

public health protection and improvement.

13.    Interest. In addition to the stipulated penalties set forth below, in the event

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

7

8:08-cv-00293-RGK-CRZ Doc # 113 Filed: 10/15/09 Page 8 of 22 - Page ID # 509
Case: 8:08-cv-00293-RGK-RGK Document #: 88-2 Date Filed: 08/13/2009 Page 8 of 22

West Point fails to make timely payments of any amounts required under this Decree, including stipulated penalties, West Point shall pay interest on the unpaid balance. Interest for late payments of the federal and State civil penalties, required under Paragraphs 6 shall be at the rate specified in 28 U.S.C. § 1961. Interest for late payments of state civil penalties under Paragraph 11 shall accrue pursuant to Neb. Rev. Stat. §45-103. The interest shall be calculated from the first day following the final due date for these payments, until the entire outstanding balance has been received.

## STIPULATED PENALTIES

14.     Failure to Pay Civil Penalties. The Defendant shall pay a stipulated penalty to the United States of one thousand dollars ($1,000) per day for each day that Defendant fails to make the full payment required in Paragraph 6. Payment of a stipulated penalty for failure to make the payment required under Paragraph 6 shall be in accordance with the payment procedures outlined in Paragraph 8. The Defendant shall pay a stipulated penalty to the State of one thousand dollars ($1,000) per day for each day that Defendant fails to make the full payment required in Paragraph 11.

15.     Written Notice of Penalties. The United States or the State may give the Defendant written notification that it has failed to make a payment as required by Paragraphs 6 or 11. Such notice shall describe the noncompliance, and make a demand for the full payment due and payment of the applicable penalties. However, the penalties provided for in Paragraph 13 shall be owed and shall accrue regardless of

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

8

whether or not the Defendant has been notified of any non-compliance.  The Defendant shall pay stipulated penalties within thirty (30) days from the date a written demand for such penalties is mailed.

16.    Any stipulated penalty payments shall be accompanied by a reference to this Decree, and be identified as "Stipulated Penalties."  Notice of payment of a stipulated penalty shall be provided to the United States and the State in the manner specified in Paragraphs 9 and 11.  Stipulated penalties shall begin to accrue interest on the day after payment is due at the rate specified under 28 U.S.C. § 1961 and Neb. Rev. Stat. §45-103 and shall continue to accrue interest until full payment is made. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Decree.

17.    Notwithstanding any other provision of this Section, the United States and/or the State may, in their unreviewable discretion, waive any portion of stipulated penalties or interest to which that party otherwise is entitled that have accrued pursuant to this Decree.

18.    Nothing in this Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the State to seek any other remedies or sanctions available by virtue of Defendant's violation of this Decree or of the statutes and regulations upon which it is based.

19.    The City's duty to comply with the terms of this Consent Decree is not

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

9

contingent on the receipt of federal or state grant funds or the City's financial capabilities. Failure to comply is not excused by the lack of federal or state grant funds, or by the processing of any applications for the same, or by the City's financial capabilities.

## EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

20. This Consent Decree resolves the claims for civil penalties for the violations alleged in the Complaint filed by the United States and the State of Nebraska in this action through the date of lodging of this Consent Decree.

21. The United States and the State of Nebraska reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree, unless expressly stated in the Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States or State of Nebraska to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal or state laws, regulations, or permit conditions, unless expressly specified in this Consent Decree. The United States and State of Nebraska reserve all rights against Defendant with respect to criminal liability. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the City's POTW, whether related to the violations addressed in this Consent Decree or otherwise.

22. In any subsequent administrative or judicial proceeding initiated by the

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb) Consent Decree Between United States, State of Nebraska, and City of West Point

10

United States or the State for injunctive relief, civil penalties, other appropriate relief
relating to the City's POTW or violations, Defendant shall not assert, and may not
maintain, any defense or claim based upon the principles of waiver, res judicata,
collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses
based upon any contention that the claims raised by the United States or the State in
the subsequent proceeding were or should have been brought in the instant case,
except with respect to claims that have been specifically resolved pursuant to
Paragraph 20.

23.   This Consent Decree is not a permit, or a modification of any permit,
under any federal, State, or local laws or regulations. The City is responsible for
achieving and maintaining complete compliance with all applicable federal, State, and
local laws, regulations, and permits; and the City's compliance with this Consent Decree
shall be no defense to any action commenced pursuant to any such laws, regulations,
or permits. The United States and the State do not by their consent to the entry of this
Consent Decree, warrant or aver in any manner that the City's compliance with any
aspect of this Consent Decree will result in compliance with provisions of the Act, 33
U.S.C. § 1251, et seq., or with any other provisions of federal, State, or local laws,
regulations, or permits.

24.   This Consent Decree does not limit or affect the rights of the Parties
against any third parties, not party to this Consent Decree, nor does it limit the rights of

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

11

third parties, not party to this Consent Decree, against the City, except as otherwise provided by law.

25. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## MODIFICATION

26. Material Modifications. Material modifications to the Decree may be made only by written agreement of the Parties and the approval of the Court.

27. Non-Material Modifications. Non-material modifications of the Decree may be made only by written agreement of the Parties, and will become effective upon their filing with the Court.

## NOTICES

28. Except as specified otherwise, when the parties transmit written notification (including all reports) or communication required by or in conjunction with the terms of the Consent Decree with the EPA, the United States Department of Justice, the State of Nebraska, and the City, the notification shall be addressed as follows:

As to the United States Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Reference Case No. 90-5-1-1-09326

Eric D. Albert

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

12

Environmental Enforcement Section
P.O. Box 7611Ben Franklin Station
Washington, DC 20044-7611
(202) 305-0439
Fax: (202) 514-4180

As to U.S. EPA :

Chief, Water Enforcement Branch
Water, Wetlands and Pesticides Division
U.S. Environmental Protection Agency, Region
7901 N. 5th Street
Kansas City, Kansas 66101

As to the State:

Katherine J. Spohn
Assistant Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
(402) 471-2682
Fax: (402) 471-2957

Steven Moeller, Esq.
Nebraska Department of Environmental Quality
1200 N Street, Suite 400
PO Box 98922
Lincoln, NE 68509-8922

As to City of West Point:

Thomas Goulette, City Administrator
Richard Moodie, City Attorney
444 S. Main Street
P.O. Box 327
West Point, NE 68788-0327

29.    Any Party may, by written notice to the other Parties, change its

designated notice recipient or notice address provided above.

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)

Consent Decree Between United States, State of Nebraska, and City of West Point

13

30.     Notices submitted pursuant to this Section shall be deemed submitted
upon mailing, unless otherwise provided in this Consent Decree or by mutual
agreement of the Parties in writing.

## RETENTION OF JURISDICTION

31.     This Court retains jurisdiction over both the subject matter of this Decree
and the Parties for the duration of the performance of the terms and provisions of this
Decree for the purpose of enabling any of the Parties to apply to the Court for such
further order, direction, and relief as may be necessary or appropriate to enforce
compliance with its terms or to enable all of the Parties to apply to the Court for the
material modification of this Decree.

## LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

32.     This proposed Decree shall be lodged with the Court for a period of thirty
(30) days from date of lodging for public notice and comment in accordance with 28
C.F.R. § 50.7.

33.     The United States reserves the right to withdraw its consent if the
comments regarding the Decree disclose facts or considerations which indicate that the
Decree is inappropriate, improper or inadequate.  The Defendant and the State of
Nebraska consent to the entry of this Decree without any reservation.

34.     If for any reason the United States withdraws its consent pursuant to
Paragraph 33, or if the Court should decline to approve this Decree in the form

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

presented, this agreement is voidable at the sole discretion of any Party and the terms of

the agreement may not be used as evidence in any litigation between the Parties.

## FINAL JUDGMENT

35.     Upon approval and entry of this Decree by the Court, this Decree shall

constitute a final judgment between and among the United States, the State and the

Defendant.

## EFFECTIVE DATE

36.     The effective date of this Decree shall be the date this Decree is entered by

the Court.

## COSTS

37.     The parties shall bear their own costs of this action, including attorney fees,

except if the Settling Defendant fails to make any payment required under Paragraphs 6,

11, 12, or 14 (Civil Penalties) (State SEP) or (Stipulated Penalties) of this Decree when

due, and the United States and/or the State file(s) with the Court a motion to enforce this

Decree or any other application for such payment, and: (1) the United States and/or the

State thereafter receives a payment; (2) an order is issued directing payment of any

portion of the amount sought by the United States and/or the State; or (3) the action is

settled in a manner in which the United States and/or the State receives any portion of

the amount sought, the Settling Defendant shall reimburse the United States and/or the

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

15

State for all costs arising from such motion, complaint or application, including but not limited to costs of attorney time.

38.     The Defendant is entitled to assert any arguments or defenses, claims or counterclaims, available to it by law in an effort to mitigate such costs or fees.

## INTEGRATION

39.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersede all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## SIGNATORIES/SERVICE

40.     The undersigned representatives of the Parties certify that they are fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such parties to this document.

41.     The Defendant hereby agrees not to oppose entry of this Decree by this Court or to challenge any provision of this.

42.     The Defendant hereby agrees to accept service by mail to the address listed in Paragraph 28 and to waive the formal service requirements set forth in Rule 4 of

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

16

the Federal Rules of Civil Procedure and any applicable local rules of this Court,

including, but not limited to, service of a summons.

## TERMINATION

43.   Upon West Point's complete satisfaction of all requirements hereunder, the

Parties shall jointly move this Court to terminate this Consent Decree.

## FINAL JUDGMENT

44.   Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the United States, the State of

Nebraska, and the City. The Court finds that there is no just reason for delay and

therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 15th DAY OF _October_ 2009.

s/ Richard G. Kopf
Honorable Richard G. Kopf
UNITED STATES DISTRICT JUDGE

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

17

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR THE UNITED STATES:

Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

8/13/09
Date


ERIC D. ALBERT
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
202-514-2800
eric.albert@usdoj.gov

8/13/09
Date

JOE W. STECHER
United States Attorney
District of Nebraska

LAURIE A. KELLY

Assistant United States Attorney, Mass. Bar No. 557575
District of Nebraska
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700
laurie.kelly@usdoj.gov

8/13/09
Date

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

19

8/12/09
DATE

William Rice
Acting Regional Administrator
U.S. Environmental Protection Agency, Region 7
Kansas City, Kansas 66101

8/7/09
DATE

Howard C. Bunch, Esq.
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 7
901 North 5th Street
Kansas City, Kansas 66101

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)

Consent Decree Between United States, State of Nebraska, and City of West Point

20

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR THE STATE OF NEBRASKA:

Katherine J. Spohn, NE Bar No. 22979
Assistant Attorney General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
(402) 471-2682
Fax: (402) 471-2957
Katie.spohn@nebraska.gov

July 17, 2009
Date

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

21

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR CITY OF WEST POINT, NEBRASKA:

Marlene E. Johnson
Mayor
City of West Point
444 South Main Street.
P.O. Box 327
West Point NE. 68788

*United States and State of Nebraska v. City of West Point, et al.* 8:08-CV-00293 (D. Neb)
Consent Decree Between United States, State of Nebraska, and City of West Point

21