FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2010 MAY 19  PM 1:48

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA

    **and**

STATE OF NEBRASKA

                                  **Civil Action No. 8:08-CV-00293**

    **Plaintiffs,**

    **v.**

CITY OF WEST POINT, NEBRASKA, et al.

    **Defendants.**

## CONSENT DECREE

### Background

WHEREAS, Plaintiff, the United States of America ("United States"), by the authority of the Attorney General of the United States and through its undersigned counsel, acting at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and Plaintiff, the State of Nebraska ("State" or "Nebraska"), by the authority of the Attorney General of Nebraska and through its undersigned counsel, acting at the request and on behalf of the Nebraska Department of Environmental Quality ("NDEQ"), previously filed a Complaint alleging that Defendants, Peckham, Inc. (f/k/a West Point Dairy Products, Inc.) and Mark Peckham (collectively the "Peckham Parties" or "Defendants"), among others, have violated the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1251 et seq.;

WHEREAS, Peckham, Inc. is a corporation organized and existing under the laws and constitution of the State of Nebraska.

WHEREAS, Mark Peckham is the Vice-President of Peckham, Inc.

WHEREAS, the Defendants owned and/or operated a butter and buttermilk production facility in West Point, Nebraska from the late 1970s until May 1, 2005;

WHEREAS the Defendants sold their butter and buttermilk manufacturing facility in West Point, Nebraska on or about May 1, 2005 and no longer own or operate any butter or buttermilk production facility;

WHEREAS, the Defendants' facility in West Point, Nebraska was, during the time they owned and/or operated it, a "user" or "industrial user," as defined by 40 C.F.R. § 403.3(j) and 33 U.S.C. § 1362(18), of the City of West Point's ("City") Publicly Owned Treatment Works ("POTW"), and discharged non-domestic "pollutants" thereto, as defined at 33 U.S.C. § 1362(6);

WHEREAS, the State of Nebraska ("State") has joined in this action, in satisfaction of the requirements of Section 309(e) of the Clean Water Act, 33 U.S.C. § 1319(e).

WHEREAS, the Plaintiffs allege that Defendants have violated Sections 301 and 317 of the Clean Water Act, 33 U.S.C. §§ 1311 and 1317, and regulations promulgated under the CWA at 40 C.F.R. Part 403, by introducing pollutants to the City's POTW that have caused "pass through or interference," as defined at 40 C.F.R. § 403, that have contributed to the discharge of pollutants from the POTW in excess of the numeric and narrative effluent limitations set forth in its NPDES permit;

WHEREAS, the Defendants filed an Answer to the Plaintiffs' Amended Complaint;

WHEREAS, the Parties agree, and the Court by entering this Consent Decree finds, that settlement of the claims alleged in the Complaint and of the defenses alleged in the Answer without further litigation or trial of any issues, is fair, reasonable, and in the public interest and

2

the entry of the Consent Decree is the most appropriate way of resolving the claims alleged in the Complaint.

NOW THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED as follows:

### JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action and over the parties to this action pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b); and 28 U.S.C. §§ 1331, 1345, 1355, and 1367. The Complaint states claims upon which relief may be granted against the Peckham Parties under Section 309 of the Clean Water Act, 33 U.S.C. § 1319, for injunctive relief and civil penalties. Defendants waive any and all objections that they may have to the Court's jurisdiction to enter and enforce this Decree. Authority to bring this action is vested in the United States Department of Justice ("DOJ") pursuant to Section 506 of the Clean Water Act, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

### VENUE

2.      Venue is proper in this Court pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in this judicial district. For purposes of this Consent Decree, the Defendants consent to venue in this judicial district.

### BINDING EFFECT

3.      The provisions of this Consent Decree shall apply to and be binding on the Defendants, as defined below, and its officers, directors, employees, agents, servants, successors and assigns, and upon the United States, on behalf of the Environmental Protection Agency, and the State of Nebraska.

3

## DEFINITIONS

4.     Unless otherwise expressly provided herein, terms used in this Decree which are defined in the Clean Water Act, shall have the meaning assigned to them in that Act. In addition:

"Act" means the Clean Water Act, 33 U.S.C. § 1251 *et seq.*

"Day" means a calendar day unless expressly stated to be a working day.

"Decree" means this Consent Decree.

"Defendants" means Peckham, Inc. (f/k/a West Point Dairy Products, Inc.) and

Mark Peckham, collectively

"EPA" means the United States Environmental Protection Agency.

"Paragraph" shall mean a portion of this Decree identified by an Arabic numeral.

"Parties" means the Plaintiffs and the Defendants.

"Plaintiffs" means the United States and the State.

"Publicly Owned Treatment Works" or "POTW" shall mean a publicly owned treatment works or POTW as defined in 40 C.F.R. § 403.3(q), and includes the City's Wastewater Treatment Plant ("WWTP") and all aspects of the conveyance of wastewater from industrial dischargers to the City's WWTP.

"State" means the State of Nebraska, on behalf of the Nebraska Department of Environmental Quality.

"West Point" or "City" means the City of West Point, Nebraska.

"United States" means the United States of America, on behalf of the United States Environmental Protection Agency.

## CIVIL PENALTIES

4

5.    Settlement of Federal Civil Penalties Claims.  Within three (3) business days of the Court's entry of an Order permitting the Defendants to do so, or on the Date this Consent Decree is lodged with the Court pursuant to Paragraph 30, whichever is later, the Defendants shall pay a civil penalty to the United States of $175,000 into an interest-bearing account in the Court registry pursuant to 28 USC § 2041 & NECivR 67.1.

6.    The United States shall be deemed a judgment creditor for purposes of collection of this civil penalty.

7.    At the time of payment, Defendants shall send a copy of the Court's receipt of such funds, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in this case, and shall reference the civil action number and DOJ Number 90-5-1-1-09326, by mail to the United States Department of Justice and EPA in accordance with Paragraph 26, by email to acctsreceivable.CINWD@epa.gov, and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio  45268

8.    Settlement of State Civil Penalties Claim.  No later than thirty (30) days after the Effective Date of this Consent Decree, the Defendants shall pay to the State $87,500 as a civil penalty pursuant to Neb. Const. art. VII, sec. 5.  Payment shall be made payable to the "Cuming County District Court Clerk" and shall be mailed with notice referring to this action, to:

> Katherine J. Spohn
> Assistant Attorney General
> 2115 State Capitol
> Lincoln, NE 68508-8920

5

No later than thirty (30) days after the Effective Date of this Consent Decree, the Defendants shall also pay $87,500 to the Nebraska Attorney General's Environmental Protection Fund, to be used for environmental safety, training, public awareness, or other related uses, as permitted by state law, at the sole discretion of the Nebraska Attorney General. The State and the Defendants agree that this payment is made in furtherance of the objective of securing significant environmental or public health protection and improvement.

9.       Interest. If the Defendants fail to tender any portion of the payment as set forth in Paragraph 5, interest shall accrue in accordance with the provisions of 31 U.S.C. § 3717. Furthermore, in addition to the stipulated penalties set forth below, in the event the Defendants fails to make timely payments of any amounts or portions thereof required under this Decree, including stipulated penalties, the Defendants shall pay interest on the unpaid balance. Interest for late payments of the federal civil penalties, required under Paragraph 5, shall be at the rate specified in 28 U.S.C. § 1961. Interest for late payments of state civil penalties due to the State under Paragraph 8 shall accrue pursuant to Neb. Rev. Stat. §45-103. The interest shall be calculated from the first day following the final due date for these payments, until the entire outstanding balance has been received.

## STIPULATED PENALTIES

10.       Failure to Pay Civil Penalties. The Defendant shall pay a stipulated penalty to the United States of one thousand dollars ($1,000) per day for each day that Defendant fails to make the full payment required in Paragraph 5. Payment of a stipulated penalty for failure to make the payment required under Paragraph 5 shall be in accordance with the payment procedures outlined in Paragraphs 11 and 12. The Defendant shall pay a stipulated penalty to the State of

6

one thousand dollars ($1,000) per day for each day that Defendant fails to make the full payment required in Paragraph 8, in accordance with the payment procedures outlined therein.

11.     The Defendants shall make any payment required by Paragraph 10 by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-5-1-1-09326. Payment shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the District of Nebraska following lodging of the Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

12.     At the time of any payment under Paragraph 11, Defendants shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree in this case, and shall reference the civil action number and DOJ Number 90-5-1-1-09326, by mail to the United States Department of Justice and EPA in accordance with Paragraph 26, by email to acctsreceivable.CINWD@epa.gov, and by mail to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio  45268

13.     Written Notice of Penalties. The United States or the State may give the Defendants written notification that they have failed to make a payment as required by Paragraphs 5 or 8. Such notice shall describe the noncompliance, and make a demand for the full payment due and payment of the applicable penalties. However, the penalties provided for in Paragraph 10 shall be owed and shall accrue regardless of whether or not the Defendants have

been notified of any non-compliance. The Defendants shall pay stipulated penalties within thirty (30) days from the date a written demand for such penalties is mailed.

14.     Any stipulated penalty payments shall be accompanied by a reference to this Decree, and be identified as "Stipulated Penalties." Notice of payment of a stipulated penalty shall be provided to the United States and the State in the manner specified in Paragraphs 11 and 12. Stipulated penalties shall begin to accrue interest on the day after payment is due at the rate specified under 28 U.S.C. § 1961 and Neb. Rev. Stat. §45-103 and shall continue to accrue interest until full payment is made. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Decree.

15.     Notwithstanding any other provision of this Section, the United States and/or the State may, in their unreviewable discretion, waive any portion of stipulated penalties or interest to which that party otherwise is entitled that have accrued pursuant to this Decree.

16.     Nothing in this Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the State to seek any other remedies or sanctions available by virtue of Defendants' violation of this Decree or of the statutes and regulations upon which it is based.

17.     The Defendants' duty to comply with the terms of this Consent Decree is not contingent on their financial capabilities. Failure to comply is not excused by the Defendants' financial capabilities.

## **EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS**

18.     This Consent Decree resolves the claims against the Defendants for civil penalties for the violations alleged in the Complaint filed by the United States and the State of Nebraska in

8

this action.

19.    The United States and the State of Nebraska reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree, unless expressly stated in the Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States or State of Nebraska to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal or state laws, regulations, or permit conditions, except with respect to claims that have been specifically resolved pursuant to Paragraph 18. The United States and State of Nebraska reserve all rights against Defendant with respect to criminal liability. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Defendants' facility, whether related to the violations addressed in this Consent Decree or otherwise.

20.    In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, civil penalties, other appropriate relief relating to the Defendants' facility or violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 18.

21.    This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. The Defendants are responsible for achieving and

9

maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and the Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits. The United States and the State do not by their consent to the entry of this Consent Decree, warrant or aver in any manner that the Defendants' compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 33 U.S.C. § 1251, et seq., or with any other provisions of federal, State, or local laws, regulations, or permits.

22.     This Consent Decree does not limit or affect the rights of the Parties against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against the Defendants, except as otherwise provided by law or explicitly set forth herein.

23.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

**MODIFICATION**

24.     Material Modifications.  Material modifications to the Decree may be made only by written agreement of the Parties and the approval of the Court.

25.     Non-Material Modifications.  Non-material modifications of the Decree may be made only by written agreement of the Parties, and will become effective upon their filing with the Court.

**NOTICES**

26.     Except as specified otherwise, when the parties transmit written notification (including all reports) or communication required by or in conjunction with the terms of the

10

Consent Decree with the EPA, the United States Department of Justice, the State of Nebraska,

and the Defendants, the notification shall be addressed as follows:

As to the United States Department of Justice:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Reference Case No. 90-5-1-1-08702

Eric D. Albert
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
(202) 514-2800
Fax: (202) 514-4180

As to U.S. EPA :

Chief, Water Enforcement Branch
Water, Wetlands and Pesticides Division
U.S. Environmental Protection Agency, Region 7
901 N. 5th Street
Kansas City, Kansas 66101

As to the State:

Katherine J. Spohn
Assistant Attorney General
2115 State Capitol
Lincoln, NE 68509-8920

Steven Moeller, Esq.
Nebraska Department of Environmental Quality
1200 N Street, Suite 400
PO Box 98922
Lincoln, NE 68509-8922

As to Peckham, Inc.:

11

[insert contact information]

As to Mark Peckham:

[insert contact information]

27.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

28.    Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## RETENTION OF JURISDICTION

29.    This Court retains jurisdiction over both the subject matter of this Decree and the Parties for the duration of the performance of the terms and provisions of this Decree for the purpose of enabling any of the Parties to apply to the Court for such further order, direction, and relief as may be necessary or appropriate to enforce compliance with its terms or to enable all of the Parties to apply to the Court for the material modification of this Decree.

## LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

30.    This proposed Decree shall be lodged with the Court for a period of thirty (30) days from date of lodging for public notice and comment in accordance with 28 C.F.R. § 50.7.

31.    The United States reserves the right to withdraw its consent if the comments regarding the Decree disclose facts or considerations which indicate that the Decree is inappropriate, improper or inadequate.  The Defendants and the State of Nebraska consent to the entry of this Decree without any reservation.

12

32. If for any reason the United States withdraws its consent pursuant to Paragraph 31, or if the Court should decline to approve this Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties. In the event this agreement is voided by any party, no claims or defenses of any party hereto shall be construed as having been waived as a result of the execution of this agreement.

## FINAL JUDGMENT

33. Upon approval and entry of this Decree by the Court, this Decree shall constitute a final judgment as to the claims of the United States and the State against the Defendants.

## EFFECTIVE DATE

34. The effective date of this Decree shall be the date this Decree is entered by the Court.

## COSTS

35. The parties shall bear their own costs of this action, including attorney fees, except if the Defendant fails to make any payment required under Paragraphs 5, 8, or 10 of this Decree when due, and the United States and/or the State file(s) with the Court a motion to enforce this Decree or any other application for such payment, and: (1) the United States and/or the State thereafter receives a payment; (2) an order is issued directing payment of any portion of the amount sought by the United States and/or the State; or (3) the action is settled in a manner in which the United States and/or the State receives any portion of the amount sought, then the Settling Defendants shall reimburse the United States and/or the State for all costs arising from such motion, complaint or application, including but not limited to costs of attorney time.

13

36.    The Defendants are entitled to assert any arguments or defenses, claims or counterclaims, available to it by law in an effort to mitigate such costs or fees.

## INTEGRATION

37.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersede all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## SIGNATORIES/SERVICE

38.    The undersigned representatives of the Parties certify that they are fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such parties to this document.

39.    The Defendants hereby agree not to oppose entry of this Decree by this Court or to challenge any provision of this Decree.

40.    The Defendants hereby agree to accept service by mail to the addresses listed for each of them in Paragraph 26 and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## TERMINATION

41.    Upon the Defendants' complete satisfaction of all requirements hereunder, the Parties shall jointly move this Court to terminate this Consent Decree.

The Court finds that there is no just reason for delay and therefore enters this judgment as

a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _19th_ DAY OF _May_ _2010_

Honorable Richard G. Kopf
UNITED STATES DISTRICT JUDGE

15

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR THE UNITED STATES:

Ellen M. Mahan
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

2/12/2010
Date

ERIC D. ALBERT
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
202-514-2800
Eric.Albert@usdoj.gov

2/12/2010
Date

16

Howard C. Bunch
Sr. Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 7
Kansas City, Kansas 66101

1/5/2010
Date

William Rice
Acting Regional Administrator
U.S. Environmental Protection Agency, Region 7
Kansas City, Kansas 66101

1/14/2010
Date

17

DEBORAH R. GILG
United States Attorney
District of Nebraska

LAURIE A. KELLY
Assistant United States Attorney, Mass. Bar No. 557575
District of Nebraska
1620 Dodge Street
Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700
laurie.kelly@usdoj.gov

Jan. 7, 2010
Date

Of Counsel:
Howard Bunch
Sr. Assistant Regional Counsel
U.S. EPA, Region 7

18

THE UNDERSIGNED PARTY enters in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR THE STATE OF NEBRASKA:

Katherine J. Spohn
Assistant Attorney General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509-8920
Nebraska Bar Number 22979

12/28/09
Date

19

THE UNDERSIGNED PARTIES enter in to this Decree in the matter of *United States and State of Nebraska v. City of West Point, Nebraska, et al.*

FOR PECKHAM, INC.:    MARK J PECKHAM
                      12/22/09    VICE-PRESIDENT
                                  1842 SUGARLAND DR. #108
                                  SHERIDAN, WY 82801
[Name]
[Title]
[Address]

FOR MARK PECKHAM:    AN INDIVIDUAL
                     12/22/09    1842 SUGARLAND DR #108
                                 SHERIDAN, WY 82801
[Name]
[Title]
[Address]

20